Ralph L. **ROWLAND**, Plaintiff—
Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Secretary of the Department of Health and Human Services, Defendant—Appellee.**

No. 03–35968.

United States Court of Appeals,
Ninth Circuit.

Submitted on briefs June 8, 2005.*

Decided June 29, 2005.

Brad D. Parkinson, Esq., Petersen Parkinson & Arnold, Idaho Falls, ID, for Plaintiff–Appellant.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

David Burdett, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: HUG, THOMPSON, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Ralph Rowland's estate appeals the district court's decision affirming the denial of Rowland's application for social security disability benefits. On *de novo* review, we affirm. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).

■ Rowland's estate first alleges that the Administrative Law Judge erred in rejecting the opinion of Dr. Sinclair, Rowland's treating physician. We are unpersuaded by the argument. The ALJ provided sufficiently specific and legitimate reasons for rejecting Dr. Sinclair's contradicted opinion and finding that Rowland did not meet the 5.05(F)(3) listing requirements. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995), *as amended* April 9, 1996. Dr. Profant found Rowland's liver tests and prothrombin time inconsistent with the 5.05(F)(3) listing requirements. Dr. Pasadi agreed with Dr. Profant's assessment. The objective evidence in the record does not show the "repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction" required to meet the listings criteria. 20 C.F.R. § 404, subpt. P, app.1, pt. A, 5.05(F)(3). The ALJ was entitled to rely on the re-

ports of Dr. Profant and Dr. Pasadi in conjunction with the objective medical evidence to reject Dr. Sinclair's opinion.

■ Rowland's estate also argues that the evidence does not support the ALJ's finding that Rowland could perform light work. *See Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998) (ALJ's decision must be supported by substantial evidence and not based on legal error); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996) (ALJ must provide clear and convincing reasons to reject subjective symptom testimony). Rowland's testimony regarding his symptoms and physical limitations was not definitive. He was uncertain whether he could stand for six hours total out of an eight-hour workday, but thought he could get through an entire day if he could alternate sitting and standing as much as he needed. He stated that he could sit for thirty-five minutes and stand for twenty-five, and thought he could lift about ten pounds. The hypothetical presented to the vocational expert assumed all of Rowland's testimony was true, and the vocational expert testified that such a person would nonetheless be capable of performing light work. The various physicians who examined Rowland provided opinions basically consistent with Rowland's own assessment of his abilities. These opinions and Rowland's testimony provide sufficient evidence to support the ALJ's findings.

For the reasons discussed above, we AFFIRM the ALJ's denial of Rowland's application for social security disability benefits and supplemental security income.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.